UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:01-1024-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Jamahl King, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief filed in this court pursuant to 28 U.S.C. § 2255. The Government moved to dismiss this matter on March 27, 2009, contending that the motion is untimely filed. This court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), apprising Defendant of his rights and duties as pertains to such a dispositive motion. Defendant responded to the Government's motion on April 6, 2009.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a defendant must

1

file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant pleaded guilty to several counts of the Second Superseding Indictment on October 16, 2002.[1] Defendant was sentenced by this court on February 10, 2003, and thereafter filed an appeal to the Fourth Circuit Court of Appeals. On November 13, 2003, the Fourth Circuit affirmed Defendant's conviction and sentence by unpublished opinion. *See United States v. King*, 81 Fed. Appx. 440 (4th Cir. 2003). Defendant filed a Petition for Rehearing and Rehearing En Banc, which was denied on February 3, 2004. *See* Dkt. # 269. Therefore, Defendant had one year from May 3, 2004, to file his § 2255 motion. *See Clay v. United States*, 537 U.S. 522 (2003) (Defendant's conviction becomes final when the time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmance of the conviction). This court received Defendant's motion on March 9, 2009. The envelope in which the motion arrived is marked as having been received by prison officials on March 5, 2009. *See* Dkt. # 314-3.

Defendant contends that equitable tolling should be applied to the applicable statute of limitations in this matter because he did not receive notice of the Fourth Circuit's denial of his motion for reconsideration until February 23, 2009. *See* M. at 1 (Dkt. # 314, filed Mar. 9, 2009). The Government opposes the application of equitable tolling.

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those

---

[1] Defendant pleaded guilty to armed bank robbery (a violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count 5)), and two counts of using and carrying a firearm during and in relation to a crime of violence and brandishing the firearm (a violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts 6 and 21)).

2

rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Defendant would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a motion, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330.

The instant motion meets none of these requirements. After the date on which the Fourth Circuit denied his motion for reconsideration, Defendant sent several letters to this court, together with copies of letters he had sent to counsel, seeking the production of certain documents from his case file so that he could "file my 2255 motion correctly." Let. at 1 (Dkt. # 273, filed Apr. 19, 2004). *See also* Dkt. # 284 (Motion filed August 23, 2004, seeking production of transcripts "for filing an adequate and effective collateral appeal (2255 motion)"); Mot. for Extension of Time (Dkt. # 288, filed Apr. 29, 2005) (seeking "an additional sixty days extension to file my 2255 motion . . . ."). On May 4, 2005, this court denied Defendant's motion for an extension of time. *See* Dkt. # 289. Defendant's current motion was filed almost two years later.

The Government's motion to dismiss is **granted** and this motion is dismissed as untimely.

3

**IT IS SO ORDERED.**

                                                 s/ Cameron McGowan Currie
                                                 CAMERON McGOWAN CURRIE
                                                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 20, 2009

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\01-1024 Jamahl King dism as untimely.wpd